1 ERIC S. DREIBAND
Assistant Attorney General
2 SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
3 ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program
4 NICOLE M. SIEGEL
Trial Attorney
    U.S. Department of Justice
    Civil Rights Division
    Housing and Civil Enforcement Section
    950 Pennsylvania Ave. NW – NWB
    Washington, D.C. 20530
    Telephone: (202) 305-0122
    Facsimile: (202) 514-1116
    Email: Nicole.Siegel2@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8805
    Facsimile: (213) 894-7819
    E-mail: matthew.nickell@usdoj.gov
Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>3RD GENERATION, INC., and CALIFORNIA AUTO FINANCE,<br><br>Defendants. | Case No. SACV 18-523 JVS (PJWx)<br><br>**CONSENT ORDER**<br><br>Complaint filed: March 28, 2018<br>Final Pretrial Conf. Date: July 8, 2019<br>Trial Date: July 23, 2019<br><br>Honorable James V. Selna<br>United States District Judge |

# CONSENT ORDER

## I. INTRODUCTION

1. This Consent Order ("Order") resolves the allegations contained in the United States' amended complaint that Defendants 3rd Generation, Inc. and California Auto Finance ("Defendants") violated the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901–4043, by engaging in a pattern or practice of repossessing motor vehicles from "SCRA-protected servicemembers"[1] without court orders from at least December 16, 2011.

2. Defendant 3rd Generation, Inc. is a financial institution located at 311 E. Katella Avenue, Orange, California, in the Central District of California.

3. Defendant California Auto Finance is an indirect auto lending company located at 311 E. Katella Avenue, Orange, California, in the Central District of California.

4. This Order covers all loans or deficiency balances originated, acquired, and/or serviced by Defendants, or any subsidiaries, predecessors, acquired companies, or successor entities.

5. The United States and Defendants are referred to herein as the "Parties."

6. The Parties agree that the Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. § 4041.

7. The Parties agree that, to avoid costly and protracted litigation, the claims against Defendants should be resolved without further proceedings or an evidentiary hearing. Therefore, as indicated by the signatures appearing below, the United States and Defendants agree to the entry of this Order.

8. The effective date of this Order will be the date on which it is approved and entered by the Court.

---

[1] For purposes of this Consent Order, the term "SCRA-protected servicemember" includes servicemembers as defined in 50 U.S.C. § 3911(1) and (2) who made a deposit or at least one installment payment before entering military service. *See* 50 U.S.C. § 3952(a).

*(footnote cont'd on next page)*

**It is hereby ORDERED, ADJUDGED and DECREED:**

## II. TERMS AND CONDITIONS

### A. PROHIBITED CONDUCT[2]

9. Defendants and their affiliates or subsidiaries, and their officers, employees, agents, and representatives (including contractors and vendors that conduct repossessions on behalf of Defendants) are hereby enjoined, except under the circumstances described below in this Order, from repossessing motor vehicles of SCRA-protected servicemembers without a court order, while the servicemembers are in military service,[3] provided the servicemembers have paid a deposit on the motor vehicle or installment on the loan while not in military service.

### B. COMPLIANCE WITH THE SCRA AND SCRA POLICIES AND PROCEDURES

10. Within thirty (30) calendar days after the effective date of this Order, Defendants shall develop SCRA Policies and Procedures for Motor Vehicle Repossessions in compliance with Section 3952(a) of the SCRA, 50 U.S.C. § 3952(a). These policies and procedures must include the following provisions:

   a. Defendants shall check the Defense Department's Defense Manpower Data Center ("DMDC") database located at https://scra.dmdc.osd.mil/ for all borrowers,[4] to determine whether they are SCRA-protected servicemembers, at the following times:

   (i) no more than two (2) business days before they refer a motor vehicle loan for repossession or repossess a motor vehicle themselves;

   (ii) no more than two (2) days after they (or their agents, including contractors and vendors) obtain possession of a motor vehicle; and

---

[2] Nothing in this Consent Order shall preclude Defendants from offering greater protections to servicemembers than those afforded by this Consent Order or the SCRA.

[3] For purposes of this Order, the term "military service" is defined by 50 U.S.C. § 3911(2).

[4] For purposes of this Order, the term "borrower" includes co-borrowers.

(iii) no more than (2) business days before they (or their agents, including contractors and vendors) dispose of a motor vehicle.

b. If Defendants learn (from a check of the DMDC database or otherwise) that the borrower is an SCRA-protected servicemember, they shall neither refer the loan for repossession nor conduct the repossession themselves without first obtaining a court order or a valid SCRA waiver pursuant to 50 U.S.C. § 3918 and subparagraph (e).

c. If Defendants discover (from the DMDC database or otherwise) after repossessing but before disposing of a motor vehicle that the borrower is an SCRA-protected servicemember, Defendants shall, within seventy-two (72) hours of the discovery: (1) attempt to contact the borrower with an offer to return the vehicle within seventy-two (72) hours; (2) reverse on the borrower's account all of the charges resulting from the repossession; and (3) correct any negative credit reporting related to the repossession. If Defendants cannot contact the borrower within seventy-two (72) hours, Defendants shall return the vehicle to the location where repossession occurred, unless: (1) return to such location presents a significant risk of damage to, or impoundment of, the vehicle; (2) the borrower has previously informed Defendants that the vehicle has been abandoned; or (3) the vehicle was recovered under circumstances suggesting that the vehicle had been abandoned. If the vehicle is not returned immediately to the borrower, Defendants shall make no fewer than three (3) additional attempts to reach the borrower using each form of contact information in their files, and shall return the vehicle within twenty-four (24) hours of a borrower's request for return without charging any fees. The vehicle shall not be sold or otherwise disposed of until the contact attempts referenced in this subparagraph have been made and Defendants have obtained a court order or valid SCRA waiver pursuant to 50 U.S.C. § 3918 and subparagraph (e).

d. If Defendants file a complaint for repossession in court and the borrower does not make an appearance in the case, Defendants will file an affidavit of military service with the court as required by Section 3931(b)(1) of the SCRA, 50 U.S.C.

4

§ 3931(b)(1).  Before seeking entry of default, Defendants will search the DMDC database and review information in their possession or control to determine if the borrower is SCRA-protected.  If Defendants learn that the borrower is SCRA-protected, they will file an affidavit stating that "the defendant is in military service," and will attach the most recent military status report from the DMDC or a copy of the military orders or other documentation to the affidavit.

    e. Defendants cannot rely on a servicemember's waiver of rights under Section 3952(a) of the SCRA unless they obtain a written agreement that complies with Section 3918 of the SCRA, 50 U.S.C. § 3918.  If Defendants initiate the waiver process with the servicemember, they must do so at least thirty (30) calendar days in advance of any anticipated repossession by sending a notice and a copy of the proposed waiver to the servicemember.  To the extent Defendants exercise this right, they shall use a notice that prominently incorporates the language and layout of the form attached as Exhibit A.  If the servicemember initiates the waiver process by offering to surrender the vehicle voluntarily or indicating an intent to abandon the vehicle, Defendants shall not repossess the vehicle until Defendants have provided a copy of the notice of the type described in Exhibit A and received a signed waiver.

    f. Upon receiving a notice of impoundment by a non-related third-party, Defendants may take possession of the vehicle even if the borrower is protected by the SCRA.  However, Defendants must comply with any applicable state laws and must not dispose of the vehicle until they have made reasonable efforts to contact the servicemember and have obtained a court order or valid SCRA waiver as required in 50 U.S.C. § 3918 and subparagraph (e).  Defendants shall designate specific employees who have been specifically trained on the protections of the SCRA and who are responsible for the intake of and response to servicemembers' inquiries regarding the SCRA.  These employees shall be referred to as Defendants' "SCRA customer service representatives." The Defendants shall ensure that they have a designated telephone number, and electronic mail address, at which servicemembers may reach the SCRA customer service

representatives, who will address questions or concerns regarding the SCRA. The Defendants shall also include a page on their website(s) detailing eligibility for, and relief provided by, the SCRA (including repossession protections and interest rate reductions), and providing the designated telephone number and electronic mail address for borrowers to obtain SCRA relief or raise questions or concerns regarding such relief.

11. No later than thirty (30) calendar days after the effective date of this Order, Defendants shall provide a copy of the proposed SCRA Policies and Procedures required under Paragraph 10 to counsel for the United States.[5] The United States shall respond to Defendants' proposed SCRA Policies and Procedures within forty-five (45) calendar days of receipt. If the United States objects to any part of Defendants' SCRA Policies and Procedures, the Parties shall confer to resolve their differences. If the Parties cannot resolve their differences after good faith efforts to do so, either party may bring the dispute to this Court for resolution. Defendants shall implement the SCRA Policies and Procedures within fifteen (15) calendar days of the United States' notification to Defendants that it has approved the SCRA Policies and Procedures.

12. If, at any time during the term of this Order, Defendants propose to change their SCRA Policies and Procedures, they shall first provide a copy of the proposed changes to counsel for the United States. If the United States does not deliver written objections to Defendants within forty-five (45) calendar days of receiving the proposed changes, the changes may be implemented. If the United States objects to the proposed changes within the forty-five (45) day period, the specific changes to which the United States objects shall not be implemented until the objections are resolved pursuant to the process described in Paragraph 11.

---

[5] All materials required by this Order to be sent to counsel for the United States shall be sent electronically by e-mail to the following addresses: nicole.siegel2@usdoj.gov and matthew.nickell@usdoj.gov.

## C. TRAINING

13. Defendants shall provide SCRA compliance training to all employees and contractors involved in servicing delinquent motor vehicle loans (including terminating motor vehicle leases for servicemembers), or repossessing motor vehicles (hereinafter together "covered individuals"), within forty-five (45) calendar days after Defendants' training program is approved by the United States pursuant to Paragraph 15. Defendants shall provide training to each covered individual on: (a) the terms of the SCRA with respect to repossessions; (b) Defendants' SCRA Policies and Procedures (both those required pursuant to Paragraph 10, and all others adopted by Defendants) specific to the individual's responsibilities associated with that individual's position; (c) the terms of this Order; and (d) the contact information for the SCRA customer service representatives described in Paragraph 10(f). Defendants shall also follow these training procedures for any employee or contractor who subsequently becomes a covered individual within thirty (30) calendar days of his or her hiring, promotion, or transfer.

14. During the term of this Order, Defendants shall provide annual SCRA training, with the same content as described in Paragraph 13, to covered individuals with respect to their responsibilities and obligations under the SCRA, the SCRA Policies and Procedures, and this Order.

15. Within forty-five (45) calendar days of the United States' approval of the SCRA Policies and Procedures pursuant to Paragraph 11, Defendants shall provide to the United States the curriculum, instructions, and any written material included in the training required by Paragraphs 13 and 14. The United States shall have forty-five (45) calendar days from receipt of these documents to object to Defendants' training materials. If the United States objects, the Parties shall confer to resolve their differences. In the event they are unable to do so, either party may bring the dispute to this Court for resolution.

16. The covered individuals may undergo the training required by Paragraphs 13 and 14 via live training, computer-based training, web-based training, or interactive

digital media. If the training is conducted in any format other than live training, Defendants shall ensure that covered individuals have the opportunity to have their questions answered by an SCRA customer service representative within two (2) business days of the training. Any expenses associated with the training program required by Paragraphs 13 and 14 shall be borne by Defendants.

17. Defendants shall secure a signed statement in the form attached as Exhibit B[6] from each covered individual at the trainings required by Paragraphs 13 and 14 acknowledging that: (1) he or she has received, read, and understands the Order and the SCRA Policies and Procedures adopted and approved pursuant to Paragraph 11 as they apply to his or her responsibilities; (2) has had the opportunity to have his or her questions about these documents answered; and (3) agrees to abide by them. For the duration of this Order, copies of those signed statements shall be provided to the United States upon request. Defendants shall also certify in writing to counsel for the United States that the covered individuals have successfully completed the training required by Paragraphs 13 and 14.

### D. COMPENSATION

18. Defendants have provided the United States with a list of repossessions they conducted between December 16, 2011 and December 7, 2018. Defendants represent that they conducted no repossessions within that date range that are not included in that list. Based on this list, the United States has determined that Defendants conducted two motor vehicle repossessions that violated the SCRA. These repossessions involved the vehicles of U.S. Army Specialist Omar Martinez and U.S. Army Private Andrea Starks.

19. The United States alleges that on October 11, 2014, Specialist Martinez bought a used 2005 Acura RSX and financed it with a 22.95% interest loan from Defendants. On August 30, 2016, Specialist Martinez entered the U.S. Army, and began basic training in a remote area without regular cell phone access. Several weeks prior to

---

[6] The electronic signature of a covered employee shall be deemed satisfactory for purposes of verifying completion of the training required under this Order.

8

leaving for active duty training, Specialist Martinez had informed the Defendants that he was entering military service, and that he would be unable to communicate with the Defendants during training. Nonetheless, on September 7, 2016, Defendants repossessed his vehicle without a court order. Shortly after the repossession, Specialist Martinez was assigned to live at the Fort Benning military base, which was seven miles away from the town and most stores. The repossession severely damaged Specialist Martinez's credit, and as a result he was unable to purchase a new vehicle and instead had to rely on rideshares and taxis to take care of personal needs such as buying groceries. In March 2018, Specialist Martinez deployed to Afghanistan, where he served until November 2018.

20. The United States alleges that in September 2015, Private Starks purchased a used 2006 Chevrolet HHR and financed it with a 24% interest loan from Defendants. In April 2016, Private Starks informed Defendants that she would be entering the U.S. Army on May 9, 2016. Yet, Defendants repossessed her vehicle on that same date. Defendants then pursued Private Starks for a deficiency balance. Private Starks also suffered additional damages due to the negative credit history resulting from the repossession.

21. Defendants deny the allegations contained in Paragraphs 19 and 20. Nevertheless, to avoid the delay, uncertainty, inconvenience and expense of protracted litigation, Defendants agree to the terms of the agreement contained herein.

22. Defendants shall provide $30,000.00 in compensation to Specialist Omar Martinez.

23. Private Andrea Starks has already reached a separate private settlement with Defendants.

24. In order to receive any compensation under Paragraphs 22 and 28, SCRA-protected servicemembers and co-lessees must complete a copy of the Release attached as Exhibit C.

25. Within ten (10) days of notification by the United States that a Release has been received, Defendants shall deliver to counsel for the United States a check payable to the aggrieved person.

26. When counsel for the United States has received a check from Defendants payable to the aggrieved person, counsel for the United States shall deliver the check to the aggrieved person and the original, signed Release to counsel for Defendants.

27. Defendants will not be entitled to a set-off, or any other reduction, of the amount of compensation required by Paragraphs 22 and 28, because of any debts allegedly owed by the recipients.

28. In the event that Defendants determine that there are additional repossessions that were not in compliance with the SCRA, Defendants will notify the United States and undertake remedial compensation actions on those accounts under the terms of this Order.

29. Specialist Omar Martinez and any aggrieved persons identified in accordance with Paragraph 28 shall have six (6) months after Defendants have issued them checks to cash or deposit their compensation checks. During the term of this Order, Defendants shall, upon request of counsel for the United States, reissue any checks that are not cashed or deposited prior to their expiration.

## E. CREDIT REPAIR AND OTHER RELIEF

30. Within fifteen (15) days of the entry of this Order, Defendants shall request that the three major credit bureaus, and any other credit bureaus to which they report, delete trade lines for accounts belonging to the servicemembers and any co-borrowers identified in Paragraphs 19 and 28.

31. With respect to the servicemembers identified in Paragraphs 19 and 28, Defendants shall not pursue, must indemnify the servicemembers and their co-borrower(s) against any third party's pursuing, and must refund any amounts the servicemembers and their co-borrower(s) have paid toward, any deficiency that was remaining on their loans after repossession.

32. Defendants shall provide the United States with evidence of all requests made pursuant to Paragraph 30 within 30 days of making said requests.

### F. CIVIL PENALTY

33. Within ten (10) calendar days of the effective date of this Order, Defendants shall pay a total of Fifty Thousand Dollars ($50,000.00) to the United States Treasury as a civil penalty pursuant to 50 U.S.C. § 4041(b)(3) and 28 C.F.R. 85.5 to vindicate the public interest. The payment shall be in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

34. In the event that Defendants, their agents, or their employees engage in any future violation(s) of the SCRA, such violation(s) shall constitute a "subsequent violation" under 50 U.S.C. § 4041(b)(3)(B).

### G. ADDITIONAL REPORTING AND RECORDKEEPING REQUIREMENTS

35. For the duration of this Order, Defendants shall retain all records relating to their obligations hereunder, including their records with respect to all loans for which a servicemember has sought SCRA relief, whether that relief was granted by Defendants, all records related to servicemembers, all records involving repossessions from individuals who were servicemembers at the time of repossession, and all records related to compliance activities as set forth herein. The United States shall have the right to review and copy any such records, including electronic data, upon reasonable request during the term of this Order.

36. During the term of this Order, Defendants shall notify counsel for the United States of any SCRA or military-related complaints every six (6) months. Defendants shall provide a copy of any written complaint with the notification. Whether regarding a written or oral SCRA complaint, the notification to the United States shall include the full details of the complaint, including the complainant's name, address, and telephone number, and the full details of all actions Defendants took to resolve the complaint. Defendants shall also promptly provide the United States all information they may request concerning any such complaint. If the United States raises any

objections to Defendants' actions, the Parties shall meet and confer to consider appropriate steps to address the concerns raised by the United States' review. If the Parties are unable to come to an agreement regarding such obligations or concerns, either party may bring the dispute to this Court for resolution.

### III. SCOPE OF THE CONSENT ORDER

37. The provisions of this Order shall apply to Defendants and any subsidiaries, predecessors, acquired companies, or successor entities. They shall also apply to the officers, employees, agents, representatives, assigns, successors-in-interest, and all persons and entities in active concert or participation with all of those entities, including with respect to any loans they acquired from December 16, 2011 to the effective date of this Order.

38. In the event that Defendants are acquired by or merge with another entity, Defendants shall, as a condition of such acquisition or merger, obtain the written agreement of the acquiring or surviving entity to be bound by any obligations remaining under this Order for the remaining term of this Order.

39. This Order releases only the claims for violations of Section 3952(a) of the SCRA addressed in the United States' Amended Complaint, ECF No. 10, or identified in this Order. This Order does not release any other claims that may be held or are currently under investigation by any federal agency, or any claims that may be pursued for actions that may be taken by any executive agency established by 12 U.S.C. § 5491 or the appropriate Federal Banking Agency (FBA), as defined in 12 U.S.C. § 1813(q), against Defendants, any of their affiliated entities, and/or any of their institution-affiliated Parties, as defined by 12 U.S.C. § 1818 or any other statute or regulation.

40. Nothing in this Order will excuse Defendants' compliance with any currently or subsequently effective provision of law or order of a regulator with authority over Defendants that imposes additional obligations on them.

41. The Parties agree that, as of the effective date of this Order, litigation is not "reasonably foreseeable" concerning the matters described above. To the extent that

either party previously implemented a litigation hold to preserve documents, electronically stored information (ESI), or things related to the matters described above, the party is no longer required to maintain such litigation hold. Nothing in this Paragraph relieves either party of any other obligations imposed by this Order, including, <u>inter alia</u>, Defendants' obligation to preserve documents under Paragraph 35.

### IV. MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

42. Any time limits for performance imposed by this Order may be extended by the mutual written agreement of the Parties.

43. The Parties shall be responsible for their own attorney's fees and court costs, except as provided for in Paragraph 44.

44. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of or compliance with this Order prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by a Defendant, whether willful or otherwise, to perform in a timely manner any act required by this Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, 1) an order requiring the performance of such act or deeming such act to have been performed; and 2) an award of any damages, costs, and attorneys' fees which may have been caused by Defendants' violation or failure to perform; and 3) any additional relief authorized by law or equity.

### V. RETENTION OF JURISDICTION

The Duration of this Order shall be five (5) years from the effective date. The Court shall retain jurisdiction for the duration of this Order to enforce its terms, after

//
//

which time this case shall be dismissed with prejudice. The United States may move the Court to extend the duration of this Order in the interests of justice.

SO ORDERED, this 12th day of March, 2019.

_____
THE HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

The undersigned hereby apply for and consent to the entry of the Order:

*For the United States of America:*

Dated: March 6, 2019

| | |
|---|---|
| NICOLA T. HANNA<br>United States Attorney<br>Central District of California | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division | SAMEENA SHINA MAJEED<br>Chief, Housing and Civil<br>Enforcement Section |
| KAREN P. RUCKERT<br>Assistant United States Attorney<br>Chief, Civil Rights Section, Civil Division | ELIZABETH A. SINGER<br>Director, U.S. Attorneys' Fair<br>Housing Program |
| _____<br>MATTHEW NICKELL<br>Assistant United States Attorney<br>Civil Rights Section, Civil Division | _____<br>NICOLE M. SIEGEL<br>Trial Attorney<br>United States Department of Justice<br>Civil Rights Division<br>Housing and Civil Enforcement Section<br><br>*Attorneys for the United States of America* |

*For 3rd Generation, Inc. and California Auto Finance:*

Dated: March 5, 2019                          BLEDSOE, DIESTEL, TREPPA & CRANE LLP

_____
Davis Reilly

*Attorney for Defendants
3rd Generation, Inc., and California Auto Finance*

# EXHIBIT A

## IMPORTANT NOTICE AFFECTING MILITARY SERVICEMEMBERS

## RIGHTS AND PROTECTIONS AFFORDED UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT

Attached to this notice you will find a waiver of rights and protections that may be applicable to you and your dependents pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq.* (the "SCRA"). The SCRA provides military personnel and their dependents with a wide range of legal and financial protections. Among other benefits and protections, the SCRA:

- Prohibits the repossession of a servicemember's motor vehicle without a court order, as long as a deposit or at least one installment payment was made while the borrower was not in military service.

- Upon notice by the servicemember, imposes a 6% maximum rate of interest that may be charged during military service on loans incurred before the servicemember began his or her current military service.

- Postpones court actions against servicemembers under certain circumstances.

If you choose to sign the attached waiver, 3rd Generation, Inc., doing business as California Auto Finance, will have the option to proceed with a repossession of your motor vehicle without the protections of the SCRA. If you do not sign this waiver, California Auto Finance and /or 3rd Generation, Inc. will be required to provide you the protections of the SCRA if you took out your loan and made a down payment on the motor vehicle, or at least one payment on the loan, when you were not in military service. Additionally, if 3rd Generation, Inc., doing business as California Auto Finance, takes you to court to repossess your motor vehicle, the court may take steps to ensure that a judgment is not entered against you if you are unable to appear.

Before waiving these important statutory rights, you should consult an attorney regarding how best to exercise your rights or whether it is in your interest to waive these rights under the conditions offered by 3rd Generation, Inc., doing business as California Auto Finance.

For More Information:

- CONSULT AN ATTORNEY: To understand fully your rights under the law, and before waiving your rights, you should consult an attorney.

- JAG / LEGAL ASSISTANCE: Servicemembers and their dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. A military legal assistance office locator for all branches of the Armed Forces is available at http://legalassistance.law.af.mil/.

- MILITARY ONESOURCE: "Military OneSource" is the U.S. Department of Defense's information resource. Go to http://www.militaryonesource.com.

# EXHIBIT B

## EMPLOYEE ACKNOWLEDGMENT

      I acknowledge that on [INSERT DATE], I was provided training regarding Servicemembers Civil Relief Act ("SCRA") compliance, a copy of the Consent Order in *United States v. 3rd Generation, Inc. and California Auto Finance,* Case No. CV 8:18-523 JVS (PJWx) (C.D. Cal.), and copies of 3rd Generation, Inc. and California Auto Finance's SCRA Policies and Procedures applicable to my duties. I have read and understand these documents and have had my questions about these documents and the SCRA answered. I understand my legal responsibilities and shall comply with those responsibilities.

_____
[PRINT NAME]


_____
[SIGNATURE]


_____
[JOB TITLE]

# EXHIBIT C

# RELEASE

In consideration for the Parties' agreement to the terms of the Consent Order resolving the United States' allegations in *United States v. 3rd Generation, Inc. and California Auto Finance,* Case No. CV 8:18-523 JVS (PJWx) (C.D. Cal.), that Defendants violated the Servicemembers Civil Relief Act, and Defendants' payment to me of $ [AMOUNT], I, [SERVICEMEMBER OR CO-BORROWER'S NAME], hereby release and forever discharge all claims arising prior to the date of this Release related to the facts at issue in the litigation referenced above and related to the alleged violation of Section 3952(a) of the Servicemembers Civil Relief Act that was the subject of that litigation, that I may have against Defendants and all related entities, parents, predecessors, successors, subsidiaries, and affiliates and all of their past and present directors, officers, agents, managers, supervisors, shareholders, and employees and their heirs, executors, administrators, successors or assigns. I do not release any claims that I may have against any prior servicer(s), not related to Defendants, of my motor vehicle loan.

Executed this _____ day of _____, 2019.

SIGNATURE: _____

PRINT NAME: _____

On this _____ day of _____, 2019, before me, the undersigned notary public, personally appeared _____, proved to me through satisfactory evidence of identification, which was _____, to be the person whose name is signed on this document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

Notary Public: _____